# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | Cr. ID. No. 1605023024 |
| | ) | |
| | ) | |
| | ) | |
| KENNY B. COOPER, | ) | |
| | ) | |
| Defendant. | ) | |

Date submitted: February 7, 2018
Date decided: May 7, 2018
(Amended May 8, 2018)

## COMMISSIONER'S REPORT AND RECOMMENDATION AS TO DEFENDANT'S MOTION TO DISMISS

Kelly H. Sheridan, Esquire, Deputy Attorney General, Delaware Department of Justice, 820 N. French St. 7th Floor, Wilmington, DE, 19801. Attorney for the State.

David C. Skoranski, Esquire, Office of Defense Services, 820 N. French St. 3rd Floor, Wilmington, DE, 19801. Attorney for Defendant.

**MANNING**, Commissioner:

Pending before the Court is a motion filed by Cooper to dismiss the charges against him. Cooper alleges that the State has violated his right to a speedy trial as guaranteed under the Sixth Amendment to the United States Constitution and Article I, Section 7 of the Delaware State Constitution, and Superior Court Crim. Rule 48. Because a motion to dismiss is case-dispositive, I am issuing my decision in the form of a Report and Recommendation.[1]

Upon consideration of the arguments of counsel and the relevant legal standards, it is my recommendation that Cooper's Motion to Dismiss should be GRANTED.

## Facts and Procedural History

Cooper was arrested on May 29, 2016. It is alleged that during an argument with his grandmother Cooper pointer his finger in her face and threatened to kill her. Cooper was arrested and has been held in default of bail since the date of the incident. Cooper was indicted on August 1, 2016, for one count of Menacing and one count of Terroristic Threatening (felony, victim >62).

Trial was originally scheduled for November 15, 2016, however, on that date, defense counsel requested that a competency evaluation be conducted. Cooper was subsequently evaluated by Andrew Donohue, DO, of the Delaware Psychiatric

---

[1] Super. Ct. Crim. Rule 62(a)(5).

1

Center (DPC). Dr. Donohue opined that Cooper was not competent to stand trial due to his psychotic symptoms and that without a court order for the involuntary administration of antipsychotic medication pursuant to *Sell v. United States*, 539 U.S. 166 (2003), restoration was highly unlikely. Dr. Donohue also stated that Cooper was refusing to participate in competency restoration classes.

An office conference was held before the undersigned commissioner on July 18, 2017. At that time, all parties agreed that an updated competency evaluation should be obtained. On August 4, 2017, Douglas S. Roberts, Psy.D., also of DPC, sent a letter to the Court opining that Cooper was still not competent to stand trial and that without involuntary medication that was unlikely to change.[2]

A second office conference was held on September 21, 2017, before this commissioner. At that time, the State indicated that it was going to file a *Sell* Motion to have Cooper involuntarily medicated in an effort to restore competency. The Court ordered the motion to be filed no later than October 31, 2017. To date, the State has filed no such motion. In response to the State's lack of action, Cooper filed the instant Motion to Dismiss on November 29, 2017. After repeated inquiries by the Court, the State filed its Response on February 7, 2017. The State's Response

---

[2] Dr. Roberts' letter was addressed to Judge Danberg of the Court of Common Pleas in error.

does not address Cooper's lack of competency, nor does it move for an order pursuant to *Sell v. United States*.

## Defendant's Motion to Dismiss

### Speedy Trial

Cooper argues that his right to a speedy trial has been violated. For this determination, I will utilize the four-factor test established by the United States Supreme Court in *Barker v. Wingo*.[3] The four factors are: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right and (4) prejudice to the defendant.[4]

It is undisputed that the delay, in this case, is approaching the two-year mark. Cooper was arrested in May 2016 and scheduled for trial in November 2016. The delay in this case, at least since November 2016, has caused prejudice to Cooper—he has sat in jail for nearly two years at this point. Cooper's motion to dismiss, filed on November 29, 2017, is the first time that he has argued that his right to a speedy trial has been violated. However, I do not find this belated assertion controlling in light of the procedural history I outlined above. Undoubtedly, some of the delay is contributable to Cooper's refusal to participate in competency restoration classes. However, as noted by both Dr. Donohue and Dr. Roberts, restoration was always

---

[3] 407 U.S. 514 (1972).

[4] *Id.* at 530.

highly unlikely without first controlling Cooper's psychotic symptoms by medication—something he was refusing to take. The State has known of this issue since January 13, 2017. Moreover, the State indicated that it was going to file a *Sell* motion at the September office conference—but never did. The State's lack of action is frankly perplexing. The only conclusion I can draw is that the State has no interest in restoring Cooper to competency, but is unwilling to drop the charges against him. The fact that the State has allowed Cooper to languish in jail on relatively minor charges—while it did nothing—is unacceptable and has forced the Court's hand.

Balancing the four *Barker v. Wingo* factors, and in light of the foregoing, I find that the reason for the delay—the State's inaction—outweighs all other factors at this point in time. Cooper's motion to dismiss should be GRANTED with prejudice.

**IT IS SO RECOMMENDED.**

**IT IS FURTHER ORDERED** that a bail review hearing will take place on Tuesday, May 15, 2018, at 10:00, all counsel to be present, defendant to be transported.

Commissioner

oc:    Prothonotary
cc:    all counsel via e-mail